IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONICA ZORTEA, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.,<br><br>    Defendants. | Civil No. 2:22-cv-1309 |

## NOTICE OF REMOVAL

Defendant Samsung Electronics America, Inc. ("SEA" or "Samsung"), for its notice of removal of this action from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania under 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, states:

**I.     BACKGROUND AND PROCEDURAL HISTORY**

1. Plaintiff Monica Zortea ("Plaintiff") filed a civil action against SEA and Samsung Electronics Co. Ltd. ("SEC") on July 26, 2022, in the Court of Common Pleas of Allegheny County, Pennsylvania, captioned *Monica Zortea v. Samsung Electronics America, Inc.*, *and Samsung Electronics Company, Inc.*, Case Number GD-22-00301. A true and correct copy of Plaintiff's Original Complaint is included in the documents attached as **Exhibit 1** to this filing. SEA was served with process on August 12, 2022.  SEC has not been served.

2. Plaintiff alleges that Samsung violated the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq*. ("MMWA"). Her central allegation is that Samsung's Limited Warranty to Original Purchaser for her television ("Limited Warranty") violates the MMWA's restrictions on warranty provisions requiring consumers to seek repairs only from authorized service providers, or use only

Samsung-branded replacement parts for repairs. (Compl. ¶¶ 1-7.) That allegation is contradicted by the plain language of the Limited Warranty she cites.

3. Plaintiff seeks injunctive, declaratory and other equitable relief, attorneys' fees, and litigation costs.

4. In addition to asserting claims on her own behalf, Plaintiff purports to bring her claims against Samsung on behalf of a putative class of purchasers of Samsung products covered by the Limited Warranty.

5. As set forth below, this action satisfies all the requirements for removal under the Class Action Fairness Act ("CAFA").

## II. THE PARTIES

6. Plaintiff alleges she is a citizen and resident of the Commonwealth of Pennsylvania. (Compl. ¶ 8.)

7. SEC is a South Korean corporation with its principal place of business at 129 Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, 16677, Republic of Korea. Therefore, SEC is a citizen of South Korea for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

8. SEA is a New York corporation with its principal place of business in Ridgefield Park, New Jersey. Therefore, SEA is a citizen of the States of New York and New Jersey for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

## III. THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332(D).

9. "No antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Rather, CAFA should be read broadly. *See Portnoff v. Janssen Pharm., Inc.*, 237 F. Supp. 3d 253, 256–57 (E.D. Pa. 2017) (citing *Gallagher*

*v. Johnson & Johnson Consumer Companies, Inc.*, 169 F.Supp.3d 598, 602 (D.N.J. 2016)) ("Congress enacted CAFA to facilitate class actions in federal court, and its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

10. Jurisdiction exists under CAFA if the litigation is a "class action" as defined by CAFA, "the amount in controversy exceeds the sum or value or $5,000,000," and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

    **A.**    **This Litigation Is a "Class Action" Under CAFA.**

11. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

12. Plaintiff requests certification of a class "pursuant to Rules 1702, 1708, and 1709 of the Pennsylvania Rules of Civil Procedure" comprising "[a]ll persons in Pennsylvania who purchased a product subject to Defendants' warranty within the Class Period[,]" defined as three years prior to the filing of the Complaint, through the date of class certification. (Compl. ¶¶ 53-54 & n.18.)

13. Actions seeking class treatment under Rules 1702, 1708, and 1709 of the Pennsylvania Rules of Civil Procedure are "class actions" for purposes of CAFA. *See* 28 U.S.C. § 1332(d)(1)(B).

    **B.**    **Plaintiff's Claims Meet CAFA's Jurisdictional Minimum.**

14. In order for original jurisdiction to exist under CAFA, "the matter in controversy [must] exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

15.     Samsung's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*, 574 U.S. at 89.

*16.*     Under CAFA, the Court may determine the amount in controversy based on the value of the injunctive relief from either the plaintiffs' or the defendant's point of view. *See Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 397–98 (3d Cir. 2016) (citing *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)) (stating the amount in controversy is measured by "the value of the object of the litigation"); *Lenell v. Advanced Min. Tech., Inc.*, 14-CV-01924, 2014 WL 7008609, at *3 (E.D. Pa. Dec. 11, 2014) (valuing equitable relief from the plaintiffs' viewpoint); *Excel Pharm. Servs., LLC v. Liberty Mut. Ins. Co.*, 389 F.Supp.3d 289, 293 (E.D. Pa. 2019) (valuing declaratory relief from defendant's viewpoint).

17.     This case meets the jurisdictional minimum whether measured from Plaintiff's or Samsung's perspective, under several different methods of valuation.

### *The Value of the Purportedly Voided Warranties*

18.     Plaintiff alleges that she purchased a television manufactured by Samsung covered by a three-year warranty. (Compl. ¶¶ 45-46 & n.16.) She claims that the terms of the warranty "lead consumers, including Plaintiff, to believe that third-party repair will void the Warranty" (*id.* ¶ 47) and that Samsung states that its warranties "will be void if consumers use third-party repair services to service the goods they purchased from Defendants."[1] (*Id.* ¶ 5.)

19.     Plaintiff seeks injunctive or declaratory relief keeping her warranty effective regardless of any third-party repairs or replacement parts. She claims such relief is necessary so

---

[1] By describing Plaintiff's allegations, Samsung does not admit the truth of any allegation made in the Complaint.

4

that she can "repair the Product via a third-party, independent repair service without purportedly voiding her Warranty[.]" (*Id*. ¶ 50.)

20.     In other words, according to Plaintiff, from her viewpoint the value of the injunctive relief is that she will have a non-voided warranty.

21.     The Court can determine the value of a non-voided warranty to each putative class member by estimating the market value of the warranty itself. *See*, *e.g.*, *Chapman v. Tristar Products, Inc.*, 16-CV-1114, 2018 WL 3752228, at *2 (N.D. Ohio Aug. 3, 2018) (determining value of one-year warranty extension for injunctive relief purposes by dividing $30 price for an extended warranty by its six-year duration); *In re Shop-Vac Mktg. & Sales Practices Litig.*, 2016 WL 7178421, at *12 (M.D. Pa. Dec. 9, 2016) (same method for determining value of warranty); *In re Volkswagen & Audi Warranty Extension Litig.*, 89 F. Supp. 3d 155, 168–69 (D. Mass. 2015) (same method); *O'Keefe v. Mercedes-Benz USA, LLC*, 214 F.R.D. 266, 298, 305-06 (E.D. Pa. 2003) (same method).

22.     Here, the Court can determine the approximate number of products covered by Plaintiff's proposed class definition: "All persons in Pennsylvania who purchased a product subject to Defendants' warranty within the Class Period," three years prior to the filing of the Complaint. (Compl. ¶ 54.)  Plaintiff leaves ambiguous what she means by "product subject to Defendants' warranty."  For purposes of this calculation, Samsung assumes Plaintiff means televisions because she specifically identified the Limited Warranty for TVs, but any broader interpretation would only increase the estimated amount in controversy.

23.     Samsung does not track overall television sales by state, so the estimates can reasonably be based on U.S. sales and Pennsylvania's share of the U.S. population (3.93%).

24.     The Court can then multiply the cost of an extended care plan for each category of product by the number of products sold in the State.

25.     The Court can estimate the aggregate value of the purportedly voided warranties covering the Samsung televisions purchased by the putative class members. The Consumer Technology Association reported that approximately 46.6 million televisions were purchased in the United States in 2021.[2] Based on Pennsylvania's share of the U.S. population (3.93%), the Court can estimate that Pennsylvanians purchased 1,831,380 televisions in 2021.

26.     Samsung has more than 25% of the market share for televisions in the United States.[3] Thus, the Court can conservatively estimate that Samsung sold 457,845 televisions in Pennsylvania in 2021, alone.

27.     Samsung sells extended warranties to consumers for televisions. The cost of the extended warranties varies significantly depending on television model, because of the significant differences in technology used in different models. The extended warranty costs for each model are available on Samsung's website. For example, a two-year extended warranty for a 65" QLED 8K smart television costs $349, while a four-year extended warranty for a 43" QLED 4K smart television costs $129. To be extremely conservative, the Court can calculate the value of one year of warranty coverage for Samsung televisions based on the latter—making the one-year value about $32.

28.     Thus, based on the market value of the extended warranty, the aggregate value of a *single year* of the warranties on the estimated number of Samsung televisions sold in Pennsylvania

---

[2] *See* https://hdguru.com/cta-sees-overall-2022-u-s-tv-shipments-falling-13-to-40-4m-units/ (last visited Aug. 20, 2022).

[3] *See* https://www.statista.com/statistics/782217/smart-tv-share-by-oem-in-the-us/ (last visited Aug. 19, 2022).

in 2021 is at least $14,651,040. Assuming the same sales for the prior three years, the aggregate value of the estimated television warranties sold to Pennsylvanians in the three years prior to the Complaint is $43,953,120.[4]

### *The Value of the Product Repairs*

29. In the alternative, this case exceeds CAFA's jurisdictional minimum based on the value of the third-party repairs Plaintiff purportedly wants.

30. As mentioned above, the Court can estimate that Samsung sold 457,845 televisions in Pennsylvania in 2021. Assuming constant sales, the Court can then estimate that Samsung sold 1,373,535 televisions in Pennsylvania in the three years prior to the Complaint.

31. The national average cost of television repair is $200, but repair services can vary depending on the cost of parts and the complexity of the repair.[5]

32. The cost of television repairs range from about $50 to over $1,000.[6] Repairs for Smart TVs, like the one Plaintiff alleges she purchased (Compl. ¶ 45), typically range from $100 to $400.[7]

33. To be extremely conservative, even if the cost of third party repair was only $10 on average, the aggregate cost to repair all Samsung televisions sold in Pennsylvania during the three years prior to the Complaint would be $13,735,350.

---

[4] Those calculations do not include the tens of thousands of other high-value products that Samsung sold in Pennsylvania in the past year, and the value of their warranties. Nor does it include the attorneys' fees discussed below.

[5] *See* https://www.fixr.com/costs/tv-repair (last visited Aug. 31, 2022).

[6] *See id.*; https://happydiyhome.com/tv-screen-repair/ (last visited Aug. 31, 2022).

[7] *Id.*

### *The Value of the Products at Issue*

34. While Plaintiff has not been damaged and does not allege damages, she may not disclaim damages on behalf of the putative class members—should they allege to have suffered any—because no class has been certified. *Standard Fire Ins. Co v. Knowles*, 568 U.S. 588, 593 (2013) (holding that prior to class certification, plaintiff lacked the authority to concede the amount-in-controversy issue for the absent class members). Accordingly, members of the putative class who care about the substance of product warranties and make purchasing decisions based on those warranties may seek to recover the price that they paid for the products in question. *Id*. at 593-94.

35. As explained above, the Court can reasonably estimate that 457,845 Samsung televisions were sold in Pennsylvania in 2021 (which itself is a reasonable proxy for the 12 months preceding the filing of this action). Even if each device were valued at just $100, the aggregate amount for a *single year* would be $45.7 million.

### *The Cost of Compliance*

36. In the alternative, the Court can determine the amount in controversy based on the cost to Samsung.

37. If Plaintiff's requested injunction were granted, Samsung would incur substantial costs in implementing the injunction across many different product lines. Samsung estimates that the cost of implementing the injunction requested by Plaintiff would exceed $5,000,000.

### *Attorneys' Fees*

38. The MMWA allows a consumer to recover attorneys' fees. 15 U.S.C. § 2310(d)(2) (a consumer "may be allowed by the court to recover as part of the judgment a sum equal to the

aggregate amount of cost and expenses (including attorneys' fees based on actual time expended)").

39. Plaintiff seeks attorneys' fees. (Compl. Prayer for Relief (d).) Plaintiff's request increases the amount in controversy, for both individual and class-wide claims. *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (citing *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997)). Samsung reasonably believes that Plaintiff, if she were to prevail in obtaining the relief she seeks, would claim a significant attorneys' fee in this action, possibly more than $5,000,000. *See Campbell v. Facebook, Inc.,* 2017 WL 3581179, at *2 (N.D. Cal. Aug. 18, 2017) (disclosing class settlement in which plaintiffs' counsel sought $3,890,000 in attorneys' fees for representation of class); *Frederico*, 507 F.3d at 197 (noting that attorneys' fees "can exceed six figures in a class action").

40. Accordingly, this is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

      **C.**    **The Parties Satisfy the Minimum Diversity Requirements**

41. Plaintiff and Samsung are citizens of different states for purposes of diversity jurisdiction.

42. This action therefore satisfies the requirement of 28 U.S.C. § 1332(d)(2) that "any member of a class of plaintiffs [be] a citizen of a State different from any defendant."

43. There is minimal diversity between the proposed class of plaintiffs and the Defendants to this action. 28 U.S.C. § 1332(d)(2)(A).

44. This Court has original jurisdiction under 28 U.S.C. § 1332(d).

**IV.    REMOVAL IS PROPER**

45. This notice of removal is timely because it is filed within 30 days of service of the Complaint on Samsung. 28 U.S.C. § 1446(b).

46. This Court is the appropriate court for removal of this action under 28 U.S.C. § 1446(a).

47. Copies of all process, pleadings, and orders served upon the Defendants or filed in this action in the Court of Common Pleas of Allegheny County, Pennsylvania, along with a true and correct copy of the electronic docket sheet from the state court, are attached to this notice of removal as Exhibit 1.

48. A copy of this notice of removal will be filed forthwith in the Court of Common Pleas of Allegheny County, Pennsylvania.

49. All procedural requisites to removal have been met. Removal to this Court under 28 U.S.C. § 1441 is proper and effective hereby.

50. Samsung reserves the right to object to any defects of personal jurisdiction, service of process, sufficiency of process, and any other defense available under Federal Rule of Civil Procedure 12.

51. By removing this case to this Court, Samsung does not waive the right to enforce any arbitration agreement, class action waiver, or any other pre-dispute agreement that may exist between the Plaintiff and Defendants or any putative class member and Defendants.

WHEREFORE, Defendant Samsung Electronics America, Inc. gives notice of the removal of this action to this Court and respectfully requests all just and proper relief.

Respectfully submitted,

Michael A. Comber
PA ID No. 81951

S. Wesley Gorman
PA ID No. 325565
REISINGER COMBER & MILLER, LLC
300 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
412-894-1380
412-291-2109 (fax)
mcomber@reisingercomber.com
wgorman@reisingercomber.com

Thomas R. Waskom
(Admission Pending)
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
E-mail: twaskom@HuntonAK.com

Ryan P. Phair
(*Pro Hac Vice* Application Forthcoming)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
E-mail: rphair@HuntonAK.com

*Attorneys for Defendant*
*Samsung Electronics America, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2022, I served a true and correct copy of the foregoing upon the Plaintiff by first-class U.S. Mail, postage prepaid, to the following counsel of record:

| | |
|---|---|
| Edwin J. Kilpela, Jr. | Kevin Tucker |
| Lynch Carpenter, LLP | East End Trial Group LLC |
| 1133 Penn Ave, 5th Floor | 6901 Lynn Way, Suite 215 |
| Pittsburgh, Pennsylvania 15222 | Pittsburgh, Pennsylvania 15208 |

I also certify, as directed by local practice rules, that on September 12, 2022, I served a true and correct copy of the foregoing filed document upon the Prothonotary for the Allegheny County Court of Common Pleas by electronic filing.

_____
S. Wesley Gorman