<u>Exhibit 1</u>

(Complaint, Proof of Service, Docket)

Complaint

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

Allegheny _____ **County**

| For Prothonotary Use Only: | TIME STAMP |
|---|---|
| Docket No: | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

| Lead Plaintiff's Name: Monica Zortea | Lead Defendant's Name: Samsung Electronics America, Inc. |
|---|---|

**Are money damages requested?** [x] Yes [ ] No

Dollar Amount Requested: (check one)
- [ ] within arbitration limits
- [x] outside arbitration limits

**Is this a *Class Action Suit*?** [x] Yes [ ] No

**Is this an *MDJ Appeal*?** [ ] Yes [x] No

Name of Plaintiff/Appellant's Attorney: Edwin J. Kilpela, Jr.

[ ] **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**SECTION B**

**Nature of the Case**: Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability (*does not include mass tort*)
- [ ] Slander/Libel/ Defamation
- [ ] Other: _____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [x] Other: Magnuson-Moss Warranty Act

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional: _____

**CONTRACT** (*do not include Judgments*)
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other _____
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other _____
- [ ] Other: _____

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other: _____

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other _____
- [ ] Zoning Board
- [ ] Other: _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other: _____

# NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5.    Cover Sheet**

(a)(1)   This rule shall apply to all actions governed by the rules of civil procedure except the following:

   (i)      actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

   (ii)     actions for support, Rules 1910.1 et seq.

   (iii)    actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

   (iv)    actions for divorce or annulment of marriage, Rules 1920.1 et seq.

   (v)     actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

   (vi)    voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)      At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)      The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)      The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)      A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)      The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet.  The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

MONICA ZORTEA, individually and on behalf of all others similarly situated,

     *Plaintiff*,

          v.

SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.

     *Defendants*.

CIVIL DIVISION

No. _____

Code:_____

CLASS ACTION

**CLASS ACTION COMPLAINT**

FILED ON BEHALF OF PLAINTIFF, MONICA ZORTEA

COUNSEL OF RECORD FOR THIS PARTY:

Edwin J. Kilpela, Jr. PA ID # 201595
Elizabeth Pollock-Avery
PA ID# 314841
Kenneth A. Held PA ID # 330442
**LYNCH CARPENTER, LLP**
1133 Penn Ave, 5th Floor
Pittsburgh, Pennsylvania 15222
Tel:    (412) 322-9243
Fax:   (412) 231-0246
ekilpela@lcllp.com
elizabeth@lcllp.com
ken@lcllp.com

**EAST END TRIAL GROUP LLC**
Kevin Tucker (He/Him) PA ID # 312144
Kevin J. Abramowicz (He/Him)
PA ID # 320659
Chandler Steiger (She/Her) PA ID # 328891
Stephanie Moore (She/Her) PA ID # 329447
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
Tel. (412) 877-5220
ktucker@eastendtrialgroup.com
kabramowicz@eastendtrialgroup.com
csteiger@eastendtrialgroup.com
smoore@eastendtrialgroup.com

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

MONICA ZORTEA, individually and on behalf of all others similarly situated,

     *Plaintiff*,

          v.

SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.

     *Defendants*.

CIVIL DIVISION

No. _____

Code:_____

CLASS ACTION

## NOTICE TO DEFEND

**YOU HAVE BEEN SUED IN COURT**. If you wish to defend against the claims set forth in the following pages, you must take action within **TWENTY (20)** days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

LAWYER REFERRAL SERVICE
The Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 261-5555

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| MONICA ZORTEA, individually and on behalf of all others similarly situated, | CIVIL DIVISION |
| *Plaintiff*, | No. _____ |
| v. | Code:_____ |
| SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS COMPANY, LTD. | CLASS ACTION |
| *Defendants.* | |

## CLASS ACTION COMPLAINT

Plaintiff Monica Zortea, individually and on behalf of all others similarly situated, brings this action against Samsung Electronics America, Inc., and Samsung Electronics Company, Ltd. Plaintiff alleges the following based on personal knowledge as to Plaintiff's experiences, and on information and belief as to other matters, including investigation conducted by Plaintiff's counsel.

### NATURE OF THE CASE

1.    Plaintiff seeks injunctive and declaratory relief curtailing unlawful business practices related to consumer products manufactured, sold, and warranted by Defendants, Samsung Electronics America, Inc. ("SEAI") and Samsung Electronics Company, Ltd. ("SECL").

2.    The Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301–2312 ("Magnuson-Moss," the "Act," or "MMWA"), and its implementing regulations, 16 CFR §§ 700.1, *et seq.*, prohibit retailers from "condition[ing] the continued validity of a warranty on the use of only authorized repair service and/or authorized replacement parts for non-warranty service and

1

maintenance (other than an article of service provided without charge under the warranty[)]" (referred to herein as the "Anti-Tying Rule").[1]

3.    The Anti-Tying Rule guarantees consumers the right to obtain repairs from service providers other than Defendants without voiding Defendants' warranties.

4.    The Anti-Tying Rule also promotes a competitive marketplace for repair services.

5.    Defendants violate the Anti-Tying Rule by stating that their warranties will be void if consumers use third-party repair services to service the goods they purchased from Defendants.

6.    Defendants' noncompliance is self-serving in that these misrepresentations help Defendants develop and maintain a monopoly on repairing the goods they sell, and on selling after-market parts because many consumers won't attempt even simple, inexpensive repairs—or use inexpensive third-party repair services—if they believe doing so will void the warranties they purchased with Defendants' products.

7.    Plaintiff seeks injunctive and declaratory relief against Defendants for their violations of Magnuson-Moss's Anti-Tying Rule.

## **PARTIES**

8.    Plaintiff is a citizen of Pennsylvania and a resident of Bucks County.

9.    Defendant Samsung Electronics Co., Ltd. ("SECL") is one of the world's largest producers of electronics and electronic devices.

10.    SECL is a multinational corporation existing under the laws of the Republic of South Korea and headquartered at 129 Samsung-ro, Yeongtong-gu Suwon, Gyeonggi, 16677, Republic of Korea, and is the parent company to Defendant Samsung Electronics America, Inc.

---

[1] 16 C.F.R. § 700.10(c).

11.     SECL regularly conducts business in the Commonwealth of Pennsylvania and throughout the United States. SECL's primary consumer products are smartphones, tablets, laptop computers, and televisions. SECL generally oversees all aspects of these products, including but not limited to their design, manufacture, marketing, and warranty services.

12.     Defendant Samsung Electronics America, Inc. ("SEAI") is a wholly owned subsidiary of SECL. SEAI is a New York corporation, headquartered at 85 Challenger Rd., 6th Floor, Ridgefield Park, NJ 07660.

13.     SEAI warrants the products designed, manufactured, marketed, and sold by SECL.

14.     SEAI acts as SECL's agent in receiving, reviewing, and processing warranty claims related to its consumer products.

## JURISDICTION AND VENUE

15.     This Court has personal jurisdiction over SECL because SECL directs its conduct at Pennsylvania, transacts business in Pennsylvania, qualifies as a foreign corporation under the laws of Pennsylvania, is registered to do business in Pennsylvania, has substantial contacts with Pennsylvania, engaged and is engaging in conduct that has a direct, substantial, reasonably foreseeable, and intended effect of causing injury to persons in Pennsylvania, and purposely availed itself of the laws of Pennsylvania.

16.     This Court has personal jurisdiction over SEAI because SEAI directs its conduct at Pennsylvania, transacts business in Pennsylvania, is registered to do business in Pennsylvania, has substantial contacts with Pennsylvania, engaged and is engaging in conduct that has a direct, substantial, reasonably foreseeable, and intended effect of causing injury to persons in Pennsylvania, and purposely availed itself of the laws of Pennsylvania.

17.     Defendants' activities in Pennsylvania gave rise to the claims identified herein.

18.     Venue is proper in Allegheny County because Defendants conduct substantial business in Allegheny County.

## EXCLUSIVE STATE COURT JURISDICTION
## PURSUANT TO 15 U.S.C. § 2310

19.     Exclusive jurisdiction lies with this Court, pursuant to 15 U.S.C. § 2310.

20.     Magnuson-Moss authorizes injured consumers to bring suit for "legal and equitable relief…in any court of competent jurisdiction in any State." 15 U.S.C. § 2310(d)(1)(A).

21.     However, the Act imposes specific limitations on the exercise of jurisdiction by federal courts, stating that "no claim shall be cognizable" in federal district court "(A) if the amount in controversy of any individual claim is less than the sum or value of $25; (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred." *Id*. § 2310(d)(3)(A)-(C).

22.      Plaintiff solely seeks equitable and declaratory relief individually and on behalf of the Class Members, in the form of Defendants removing the provision in their Warranty that violates Magnuson-Moss's anti-tying provisions.

23.     Neither Plaintiff nor any Class Member asserts an individual claim for damages, much less one valued at $25 or greater.

24.     As a result, neither of the requirements for federal jurisdiction set forth under § 2310(d)(3)(A) or § 2310(d)(3)(B) are satisfied.

25.     Further, because there are not one hundred named plaintiffs in this action, the requirement for federal jurisdiction set forth under § 2310(d)(3)(C) is not satisfied.

26.     Because none of the requirements for federal jurisdiction are satisfied under § 2310(d)(3), this Court has exclusive jurisdiction over this Action.

4

## COMMON FACTUAL ALLEGATIONS

**I.      Magnuson-Moss and Its Prohibition of Tying Provisions in Consumer Warranties**

27.      Magnuson-Moss is a consumer-protection law passed in 1975 that, among other things, prohibits warrantors from conditioning warranty coverage on consumers' use of an article or service identified by brand, trade, or corporate name.[2]

28.      Specifically, a warrantor cannot "condition the continued validity of a warranty on the use of only authorized repair service and/or authorized replacement parts for non-warranty service and maintenance (other than an article of service provided without charge under the warranty[)]."[3]

29.      The provision dissects an example of a term that violates the Anti-Tying Rule:

This warranty is void if service is performed by anyone other than an authorized 'ABC' dealer and all replacement parts must be genuine 'ABC' parts—stating that it violates Magnuson-Moss in two ways: first, it impermissibly ties repairs to the manufacturer, but second, "*a warrantor cannot, as a matter of law, avoid liability under a written warranty where a defect is unrelated to the use by a consumer of 'unauthorized' articles or service*."[4]

30.      The disclaimer of liability does not need to be explicit to be improper.

[A] warrantor would violate the MMWA if its warranty led a reasonable consumer exercising due care to believe that the warranty conditioned coverage "on the consumer's use of an article or service identified by brand, trade or corporate name…." Moreover, misstatements leading a consumer to believe that the consumer's warranty is void because a consumer used "unauthorized" parts or service may also be deceptive under Section 5 of the FTC Act.[5]

---

[2] 15 U.S.C. § 2302(c).
[3] 16 C.F.R. § 700.10(c).
[4] *Id*. (emphasis added).
[5] Federal Trade Commission, *Final Action: Magnuson-Moss Warranty Act Interpretations; Rules Governing Disclosure of Written Consumer Product Warranty Terms and Conditions, Pre-Sale Availability of Written Warranty Terms, and Informal Dispute Settlement Procedures; and Ad Guides*, at p. 11 (May 22, 2015) (available at
https://www.ftc.gov/system/files/documents/federal_register_notices/2015/05/150522mag-mossfrn.pdf) ("2015 FTC Final Action").

31.     Then-FTC-Chairman Lewis Engman explained the animating purpose of the Anti-Tying Rule in the run-up to Magnuson-Moss's introduction:

> This [anti-tying] provision addresses the anticompetitive practice which the Commission has opposed in numerous court actions wherein a manufacturer uses a warranty unreasonably to tie his supplementary products or services to the warranted product. This leaves the consumer in the undesirable posture of losing his warranty protection if he purchases the supplementary items from another and perhaps less expensive source—even if he does so in complete ignorance of the warranty's provisions.[6]

32.     More recently, the FTC reiterated, "[Magnuson-Moss's] anti-tying provision bars manufacturers from using access to warranty coverage as a way of obstructing consumers' ability to have their consumer products maintained or repaired using third-party replacement parts and independent repair shops."[7]

33.     In its Report accompanying the 2021 Financial Services and General Government Appropriations Bill, Congress specifically directed the FTC as follows:

> *Consumer Repair Rights.*—The Committee is aware of the FTC's ongoing review of how manufacturers…may limit repairs by consumers and repair shops, and how those limitations may increase costs, limit choice, and impact consumers' rights under the Magnuson-Moss Warranty Act. Not later than 120 days after the enactment of this Act, the FTC is directed to provide to the Committee, and to publish online, a report on anticompetitive practices related to repair markets. The report shall provide recommendations on how to best address these problems.

34.     Subsequently, the FTC produced a report to Congress that "synthesized the knowledge gained from its July 16, 2019 workshop titled 'Nixing the Fix: A Workshop on Repair

---

[6] Statement of Hon. Lewis A. Engman, Chairman, Federal Trade Commission, included in H. Rep. No. 93-17, at 58 (1973).

[7] FTC, *Nixing the Fix: An FTC Report to Congress on Repair Restrictions*, May 2021, at p. 5 (available at https://www.ftc.gov/system/files/documents/reports/nixing-fix-ftc-report-congress-repair-restrictions/nixing_the_fix_report_final_5521_630pm-508_002.pdf) (last accessed July 16, 2022) (hereinafter referred to as "2021 FTC Report").

Restrictions' (the "Workshop"), public comments, responses to a Request for Empirical Research and Data, and independent research."[8] ("2021 FTC Report").

35.     Per the 2021 FTC Report,

Even when a warranty does not explicitly require that repairs be performed by the original equipment manufacturer (OEM) using OEM parts, many manufacturers restrict independent repair and repair by consumers through [*inter alia*] Product designs that complicate or prevent repair; Policies or statements that steer consumers to manufacturer repair networks;…[and] Disparagement of non-OEM parts and independent repair[.][9]

36.     The 2021 FTC Report confirmed that violative conduct was rampant:

The Commission continues to receive reports of companies not complying with the MMWA. In response to staff's call for empirical research and comments related to the Workshop, several organizations reported that warranty tying continues to be prevalent in the marketplace. For example, the Education Fund of U.S. PIRG, the federation of state Public Interest Research Groups (PIRGs), submitted an October 2018 study analyzing warranties from 50 companies. U.S. PIRG concluded that 45 of the 50 companies had warranties that appeared to violate Section 102(c) of the MMWA. Likewise, the Specialty Equipment Market Association (SEMA) submitted a comment stating that it regularly receives complaints that automobile dealerships void automobile warranties if the dealership finds a specialty part (e.g., custom wheels) had been installed on the automobile, regardless of whether the specialty part caused the automobile to malfunction. Other commenters submitted information claiming that certain warrantors either expressly or by implication continue to condition warranty coverage of the use of particular products or services.

…Tying is illegal where the effect is to impair competition and harm consumers in the market for either the tying product or the tied product.[10]

37.     It is important to note that Magnuson-Moss's Anti-Tying Rule does not prohibit the warrantor from disclaiming liability for defects *caused* by third-party repairs. Rather, the law simply puts the burden on the warrantor to prove a third-party repair caused the defect.

---

[8] *Id.*
[9] *Id.*
[10] *Id.*

## II.    The Significance of Third-Party Repair of Consumer Products

38.    Beyond unlawfully proscribing customers' federal consumer protection rights, Defendants' conduct further harms consumers by stifling the third-party repair industry, thereby allowing Defendants (and comparable device manufacturers who engage in similar practices) a monopolistic grasp on the repair of their own products. This harms consumers in multiple ways.

39.    First, the stifling of competition drives up the cost of repair and limits a consumer's ability to have their products fixed in a timely manner. Commonly, a warrantor's authorized service centers will have wait times that are untenable for devices that a consumer regularly relies on. In one example, a consumer's refrigerator had a faulty compressor and the warrantor (LG) told her that its authorized servicers could not fix the appliance for up to a month.[11] Obviously, a household cannot do without refrigerated food for a month. There are countless other appliances and devices that we rely on daily, and doing without them for weeks—or even days—can cause profound disruptions in our daily lives.

40.    This problem has become only more acute in the wake of the COVID-19 pandemic when appliance repair demand surged. Use of home appliances drastically increased as people are home more, and fewer people are buying new appliances as both retail operations were restricted and the supply chain was interrupted by COVID-19.[12] The rise in repair needs in turn leads to delays in warranty service. When consumers are unable to get a necessary appliance repaired in a

---

[11]  US PIRG, Warranties in the Void II, (April 8, 2021) at p. 18 (available at https://uspirg.org/sites/pirg/files/reports/Warranties%20in%20the%20Void%20II_USPEF_April _2021_Final.pdf).

[12]  Youn, Soo. "Ovens, dishwashers and washing machines are breaking down like never before. But there's nobody to fix them." *The Washington Post* (October 22, 2020) (available at: https://www.washingtonpost.com/road-to-recovery/2020/10/22/appliance-repair-services-pandemic/).

timely manner under warranty terms, there is a real need to hire a third-party repair technician to solve the issues or attempt the repair themselves.

41.     Second, anticompetitive marketplaces limit access to essential electronics, more broadly. Consumer electronics, in general, are the subject of ongoing shortages. An Associated Press report found that the increased demand and supply chain challenges posed by the pandemic resulted in shortages around the country.[13] Kinks in the semiconductor supply chain pose an additional threat to the supply of new products.[14] Reducing barriers to repair allows older consumer products to be refurbished more easily, thereby expanding the available supply.[15]

42.     These shortages notwithstanding, Defendants' anticompetitive practices enable it (and similarly situated companies) to force consumers to buy new products through planned obsolescence. When it costs almost as much to repair an existing product as it does to buy a new version of the same product, consumers will likely opt to buy the new product.  Whereas, in a repair marketplace where costs are lowered through competition, it is cheaper to repair an existing piece of electronics than to buy a new one.

43.     Against this backdrop of scarcity, it is more important than ever that consumers be allowed to maintain and repair their products without restriction.

---

[13] Jocelyn Gecker and Michael Liedtke, *AP Exclusive: US Faces Back-To-School Laptop Shortage,* (Aug. 22, 2020), https://apnews.com/article/01e9302796d749 b6aadc35ddc8f4c946.

[14] Hyunjoo Jin, Douglas Busvine, and David Kirton, *Analysis: Global chip shortage threatens production of laptops, smartphones and more,* Reuters, (Dec. 17, 2020), https://www.reuters.com/article/us-chip-shortage-analysis/analysis-global-chip-shortage-threatens-production-of-laptops-smartphones-and-more-idUSKBN28R0ZL.

[15] 2021 FTC Report, *see,* Note 8, *supra*.

44.     To date, Defendants have done nothing to proactively alert consumers to their rights under federal law. Defendants' unlawful behavior, coupled with their failure to affirmatively alert consumers of their rights, has created and continues to create an ongoing injury.

## PLAINTIFF'S SPECIFIC ALLEGATIONS

45.     On or about November 15, 2021, Plaintiff purchased a 65" Class TU700D 4K Crystal UHD HDR Smart television (the "Product"), manufactured by SECL.

46.     As part of the Product's underlying sales price, Plaintiff also purchased a warranty representing Defendants' promise to stand behind the Product ("Warranty").

47.     The Warranty, and additional representations related thereto, lead consumers, including Plaintiff, to believe that third-party repair will void the Warranty.

48.     For example, the Warranty states, in pertinent part: "Warranty service can only be performed by a SAMSUNG authorized service center."[16]

49.     Further, the Warranty states:

**This limited warranty covers manufacturing defects in materials and workmanship encountered in normal, and except to the extent otherwise expressly provided for in this statement, noncommercial use of this product, and shall not apply to the following, including, but not limited to:** damage which occurs in shipment; delivery and installation; applications and uses for which this product was not intended; altered product or serial numbers; cosmetic damage or exterior finishes; accidents, abuse, neglect, fire, water, lightning or other acts of nature; **use of products, equipment, systems, utilities, services, parts, supplies, accessories, applications, installations, repairs, external wiring or connectors not supplied or authorized by SAMSUNG which damage this product or result in service problems**; incorrect electrical line voltage, fluctuations and surges; customer adjustments and failure to follow operating instructions, cleaning, maintenance and environmental instructions that are covered and prescribed in the instruction book; reception problems and distortion related to noise, echo, interference or other signal transmission and delivery problems; or brightness

---

[16] Official Samsung Support US, Warranty (last accessed July 19, 2022) (available at https://www.samsung.com/us/support/service/warranty/UN65TU700DFXZA).

related to normal aging or any other issues if the TV is used for commercial or non-normal consumer use. (Emphasis added).[17]

50.     Based on the Warranty's terms, Plaintiff is unable to repair the Product via a third-party, independent repair service without purportedly voiding her Warranty, thereby limiting Plaintiff to a fraction of the repair marketplace.

51.     Because Plaintiff is limited to a smaller marketplace for service and repair, it is likely she will encounter reduced availability among providers and higher prices for their services.

52.     Plaintiff anticipates buying other consumers goods in the future, and would consider purchasing such goods from Defendant, but does not wish to have her rights under the Anti-Tying Rule thwarted by Defendants' unlawful warranty terms.

## CLASS ACTION ALLEGATIONS

53.     Plaintiff brings this action individually and on behalf of all other similarly situated individuals pursuant to Rules 1702, 1708, and 1709 of the Pennsylvania Rules of Civil Procedure.

54.     Plaintiff seeks to certify the following Class: "All persons in Pennsylvania who purchased a product subject to Defendants' warranty within the Class Period."[18]

55.     Plaintiff reserves the right to modify or refine the Class definition based upon discovery of new information or in order to accommodate any concerns of the Court.

56.     Excluded from the Class are Defendants, Defendants' parents, subsidiaries, affiliates, officers and directors, any entity in which any defendant has a controlling interest, governmental entities, and all judges presiding over this litigation, as well as their immediate family members, and members of the staffs of the judges to whom this case may be assigned.

---

[17] *Id.*

[18] As used herein, and subject to Plaintiff's reservation of rights to amend the class definition, "Class Period" means three years prior to the date of filing of this Complaint, through the date of class certification.

57.     <u>Pa. R. Civ. P. 1702(1), 1708(a)(2)</u>: The Class is so numerous that joinder of its Class Members is impracticable. Upon information and belief, the Class contains thousands of individuals, at least. The precise number can be determined by reference to Defendants' records.

58.     <u>Pa. R. Civ. P. 1702(2), 1708(a)(1)</u>: Plaintiff and each Class Member share numerous common questions of law and fact that will drive the resolution of the litigation and predominate over any individual issues. For example, there is a single common answer to the questions of whether Defendants' acts and practices complained of herein violate Magnuson-Moss, and the appropriate injunctive relief to ensure Defendants no longer illegally condition their warranties on the exclusion of third-party repair. The answers to these questions are the same for Plaintiff and each Class Member, and Plaintiff and each Class Member require the same proof to answer these questions. These questions, and others, predominate over any individual issues.

59.     <u>Pa. R. Civ. P. 1702(3)</u>: Plaintiff's claims are typical of the claims of each Class Member because the claims are based on the same legal theories and arise from the same conduct.

60.     <u>Pa. R. Civ. P. 1702(4), 1709</u>: Plaintiff is an adequate representative of each Class Member because the interests of Plaintiff and each Class Member align. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of each Class Member and has no interest antagonistic to any Class Member. Plaintiff retained counsel who are competent and experienced in the prosecution of class action litigation generally and consumer class actions specifically. Plaintiff has or can acquire adequate financial resources to assure that the interests of each Class Member will not be harmed.

61.     <u>Pa. R. Civ. P. 1708(a)(3), (6), (7)</u>: Given the nature of the issues presented and the relief requested, the expense and time necessary to obtain such relief, and the anticipated recovery and relief that Plaintiff and each Class Member may obtain, the class action mechanism is by far

the preferred and most efficient litigation mechanism to adjudicate the claims of Plaintiff and each

Class Member. Additionally, requiring Plaintiff and each Class Member to file individual actions

would impose a crushing burden on the court system. Class treatment presents far fewer

management difficulties and provides benefits of a single adjudication and economies of scale.

62.     Pa. R. Civ. P. 1708(a)(4): Based on Plaintiff's knowledge and of undersigned

counsel, there are no similar cases currently pending in this Court against Defendants.

## CAUSE OF ACTION

### FIRST CAUSE OF ACTION
### Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

63.     Plaintiff incorporates the allegations contained in the preceding paragraphs.

64.     Plaintiff is a "consumer," as defined in MMWA, 15 U.S.C. § 2301(3).

65.     Defendants are "warrantors," as defined in MMWA, 15 U.S.C. § 2301(5).

66.     The Warranty is a "written warranty," as defined in MMWA, 15 U.S.C. § 2301(6).

67.     The Product is a "consumer product," as defined in MMWA, 15 U.S.C. § 2301(1).

68.     Consistent with 15 U.S.C. § 2302(c) and 16 C.F.R. § 700.10, Defendants may not

prohibit third-party repair as a condition of the Warranty.

69.     Nor may Defendants make statements that lead a reasonable consumer exercising

due care to believe the Warranty conditioned coverage on the consumer's use of an article or

service identified by brand, trade, or corporate name unless that article or service is provided

without charge to the consumer. 16 C.F.R. § 700.10; *see, also* 2015 FTC Final Action at 11.[19]

70.     Yet this is precisely what Defendants do, through the conduct complained of herein.

This includes their representations that the Warranty "covers manufacturing defects in materials and

---

[19] *See* Note 5, *supra.*

workmanship encountered in normal" use of the product "and shall not apply to the following...use of products, equipment, systems, utilities, services, parts, supplies, accessories, applications, installations, repairs, external wiring or connectors not supplied or authorized by SAMSUNG which damage this product or result in service problems"[20] and that "[w]arranty service can only be performed by a SAMSUNG authorized service center.[21]

71.    The FTC has stated, either directly through statute and regulation or through guidance, that such representations violate Magnuson-Moss's Anti-Tying Rule.

72.    In 2018, the FTC "sent warning letters to six major companies that market and sell automobiles, cellular devices, and video gaming systems in the United States."[22] The following statements were among the challenged provisions:

- The use of [company name] parts is required to keep your . . . manufacturer's warranties and any extended warranties intact.

- This warranty shall not apply if this product . . . is used with products not sold or licensed by [company name].

- This warranty does not apply if this product . . . has had the warranty seal on the [product] altered, defaced, or removed.[23]

73.    The FTC further stated that companies should review promotional materials and representations surrounding their warranties, so as not to create confusion among consumers.[24]

74.    Despite the unambiguous requirements of Magnuson-Moss, Defendants continue to represent to their customers both explicitly and implicitly that third-party repair will void the

---

[20] *See,* Paragraphs 35-36, *supra*

[21] *Id.*

[22] FTC, "FTC Staff Warns Companies that It Is Illegal to Condition Warranty Coverage on the Use of Specified Parts or Services," (April 10, 2018) (available at https://www.ftc.gov/news-events/news/press-releases/2018/04/ftc-staff-warns-companies-it-illegal-condition-warranty-coverage-use-specified-parts-or-services).

[23] *Id*.

[24] *Id*.

Warranty. These misrepresentations—which have been in effect for years—lead consumers to believe that their warranties are voided by third-party repairs.

75.     Defendants' warranties have harmed and continue to harm Plaintiff and the Class members by depriving them of the warranty benefits guaranteed to them by federal law.

76.     As a result of such harm, Plaintiff and Class members are entitled to injunctive relief and corresponding declaratory relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

a.     Certify this case as a class action, appoint Plaintiff as Class representative, and appoint Plaintiff's counsel to represent the Class;

b.     Find that Defendants' actions, as described herein, constitute violations of Magnuson-Moss;

c.     Enter judgment against Defendants for all injunctive, declaratory, and other equitable relief sought;

d.     Award all costs, including experts' fees, attorneys' fees, and the costs of prosecuting this action; and

e.     Grant such other legal and equitable relief as the Court may deem appropriate.

Dated: July 26, 2022                         Respectfully submitted,

                                                    */s/ Edwin J. Kilpela, Jr.*
                                                    Edwin J. Kilpela, Jr.
                                                    PA ID # 201595
                                                    Elizabeth Pollock-Avery
                                                    PA ID# 314841
                                                    Kenneth A. Held

PA ID # 330442
**LYNCH CARPENTER, LLP**
1133 Penn Ave, 5th Floor
Pittsburgh, Pennsylvania 15222
Tel:     (412) 322-9243
Fax:     (412) 231-0246
ekilpela@lcllp.com
elizabeth@lcllp.com
ken@lcllp.com

Kevin Tucker (He/Him)
PA ID # 312144
Kevin J. Abramowicz (He/Him)
PA ID # 320659
Chandler Steiger (She/Her)
PA ID # 328891
Stephanie Moore (She/Her)
PA ID # 329447
**EAST END TRIAL GROUP LLC**
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
Tel. (412) 877-5220
ktucker@eastendtrialgroup.com
kabramowicz@eastendtrialgroup.com
csteiger@eastendtrialgroup.com
smoore@eastendtrialgroup.com

*Attorneys for Plaintiff and the Class*

## **VERIFICATION**

I, Monica Zortea, am fully familiar with the facts set forth in this Complaint. I verify that the averments contained in this Complaint are true and correct to the best of my knowledge, information, and belief. I understand any false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

Dated: July 25, 2022                                   /s/ Monica Zortea
                                                               Monica Zortea (e-signed with permission)

Proof of Service

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

MONICA ZORTEA, individually and
on behalf of all others similarly situated,

        Plaintiff,

    v.

SAMSUNG ELECTRONICS AMERICA, INC.
and SAMSUNG ELECTRONICS CO., LTD.,

        Defendants.

CIVIL DIVISION

Case No. GD-22-009301

**AFFIDAVIT OF SERVICE**

Filed on behalf of Plaintiff

Counsel of Record for this party:

Edwin J. Kilpela, Jr. PA ID #201595
Elizabeth Pollock-Avery PA ID #314841
Kenneth A. Held PA ID #330442
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: 412.322.9243
Fax: 412.231.0246
ekilpela@lcllp.com
elizabeth@lcllp.com
ken@lcllp.com

**EAST END TRIAL GROUP LLC**
Kevin Tucker (He/Him) PA ID #312144
Kevin J. Abramowicz (He/Him) PA ID #320659
Chandler Steiger (She/Her) PA ID # 328891
Stephanie Moore (She/Her) PA ID #329447
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
Tel: 412.877.5220
ktucker@eastendtrialgroup.com
kabramowicz@eastendtrialgroup.com
csteiger@eastendtrialgroup.com
smoore@eastendtrialgroup.com

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

|  |  |
|---|---|
| MONICA ZORTEA, individually and on behalf of all others similarly situated, | ) CIVIL DIVISION ) ) Case No. GD-22-009301 |
| Plaintiff, | ) |
| v. | ) |
| SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD., | ) ) ) |
| Defendants | ) |

## AFFIDAVIT OF SERVICE

Before me, the undersigned authority, personally appeared Edwin J. Kilpela, Jr., Esquire, who being sworn by me according to law deposed and says that he effected service of the Class Action Complaint in this action on Samsung Electronics America, Inc., on August 12, 2022, via certified mail, a true and correct copy of the return is attached hereto as Exhibit A.

Respectfully submitted,

Dated: August 26, 2022

Edwin J. Kilpela, Jr.
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
412.322.9243

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SAMSUNG ELECTRONICS
   AMERICA, INC.
% CT CORPORATION SYSTEM
330 N. BRAND BLVD. STE 700
GLENDALE, CA 91203

9590 9402 5932 0049 9306 82

2. Article Number *(Transfer from service label)*

7020 0090 0001 6188 2763

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*      C. Date of Deliver

NDS

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

AUG 1 2 2022

Delivery Service

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restri
   Delivery
☐ Return Receipt for
   Merchandise
☐ Signature Confirmation
☐ Signature Confirmation
   Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053                    Domestic Return Receip

Docket

## Allegheny County Department Of Court Records

### Civil/Family Division Docket Report

**Run Date and Time: 9/12/2022 - 11:9:25**

---

GD-22-009301

Zortea vs Samsung Electronics America Inc. etal

**Filing Date:**

7/26/2022

**Related Cases:**

**Consolidated Cases:**

**Judge:**

No Judge

**Amount In Dispute:**

$ 0

**Case Type:**

Mass Tort - Other

**Court Type:**

General Docket

**Current Status:**

Proof of Service

**Jury Requested:**

N

---

**--Parties--**

| LName | FName | MI | Type | Address | Initial Service Completion | Attorney |
|---|---|---|---|---|---|---|
| Samsung Electronics America Inc. | | | Defendant | | -- | -- |
| Samsung Electronics Company Ltd. | | | Defendant | | -- | -- |
| Zortea | Monica | | Plaintiff | | -- | Edwin J. Kipela |

Top

**--Attorney--**

| LName | FName | MI | Type | Address | | Phone |
|---|---|---|---|---|---|---|
| Kipela | Edwin | J. | Attorney | 1133 Penn Avenue 5th Floor Pittsburgh CO 15222 | | 4123229243 |

**--Non Litigants--**

| LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|
| | | | No Litigants Found | | |

**--Docket Entries--**

| Filing Date | Docket Type | Docket Text | Filing Party | |
|---|---|---|---|---|
| 8/26/2022 | Proof of Service | | Monica Zortea | |
| 7/26/2022 | Complaint | | Monica Zortea | |

| --Judgments Against-- | | |
|---|---|---|
| Name | Amount | Satisfied(Y,N) |
| No Judgments Found | | |

| --Events Schedule-- | | | |
|---|---|---|---|
| Event Scheduled | Event Date & Time | Room Number | Judge/Hearing Officer |
| No Information Found | | | |

Top